UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

**BRADY BENNETT**, *individually and on behalf of all others similarly situated,*

        Plaintiff,

        v.

**SYMMETRY FINANCIAL GROUP, LLC, and QUILITY SOFTWARE APPLICATIONS LLC,**

        Defendants.

Case No.: 1:25-cv-00067-MR-WCM

## DECLARATION OF JACOB U. GINSBURG

I, Jacob U. Ginsburg, Esq. hereby certify and declare as follows:

1. I am an adult citizen of the Commonwealth of Pennsylvania.

2. I am of sound mind and otherwise competent to make this declaration.

3. I have personal knowledge of the statements made herein.

4. I am an attorney licensed to practice law by the supreme courts of Pennsylvania, New Jersey and Michigan. I am also admitted to federal district and circuit courts throughout the country.

5. I represent the Plaintiff, Brady Bennett in this matter, where I am admitted *pro hac vice*.

6. I submit this Declaration in connection with Plaintiff's reply brief in support of his motion for leave to amend.

7. I incorporate by reference the declaration I made in support of our motion to amend. (ECF No. 30-3.)

8. My co-counsel Alex Kruzyk and I were surprised that Symmetry and Qulity opposed the motion to amend and also by the sudden 180 from Level Up in filing the motion to quash. Given the timing and the unexpected lack of cooperation from both parties (treating Symmetry and Qulity as one entity and Level Up as the other).

9. Accordingly, on November 12, 2025, I emailed defense attorney Matt Keilson and asked "Can you confirm there is no joint defense agreement between Symmetry/Quility and Level Up."

10. Mr. Keilson did not respond to that Nov. 12, 2025 email.

11. In anticipation of our likely motion to compel as well as documents/information sought by Defendants, my co-counsel Alex Kruzyk and I met and conferred with defense attorneys Matt Keilson and Melanie Ng on November 18, 2025 via Teams videoconference.

12. When addressing the topic of communications between Level Up and Symmetry/Quility (which we requested in discovery) when Keilson indicated Defendants rest on their objections, including privilege, I once again asked if there was a joint defense agreement in place.

13. To that inquiry, Keilson conceded there was a joint defense agreement and that counsel for Level Up and Defendants have been in communication regarding legal strategy during this litigation.

14. We reiterated our position that any documents withheld on the grounds of privilege must be accompanied by a privilege log, which we have not received.

15. To that inquiry (and others), Keilson advised he would get back to us, likely after Thanksgiving.

16. On November 21, 2025, Defendants filed their opposition to our motion to amend. (ECF No. 32.)

17. My co-counsel and I were both offended and shocked by what we perceived to be the *ad hominin* attacks and misstatements in that brief.

18. For instance, Defendants contend "Plaintiff's counsel" was "reprimanded" in the case *Savada v. RRH Energy Servs., LLC*, Civil Action No. RDB-25-1156, 2025 U.S. Dist. LEXIS 212876 (D. Md. Oct. 29, 2025) and claimed that case was similar to this matter.

19. After seeing that accusation from Mr. Keilson, I re-read the *Savada* decision several times in search of a "reprimand" of counsel, or discussion about motions to amend. However, my review of that decision confirmed that there was

no reprimand of any counsel, and the decision related to the first-to-file rule and whether later filed claims are subsumed by the earlier-filed case.

20. I did not even have an appearance entered in *Savada*, but the earlier-filed case, *Nock v. PalmCo Admin, LLC*, 1:24-cv-00662 (D. Md.)

21. When I asked defense counsel about why he was claiming what he was, he pointed to a filing in *Savada* with my signature block on it. However, I advised there was a short time window where the Court and parties were treating *Nock* and *Savada* as consolidated for the purpose of briefing schedules, and both captions were included in those filings, as well as orders from the court.

22. Further, while the *Savada* court references the "same counsel" involved in the *Nock* and *Savada* cases, as well as an even earlier filed case *Nock v. Spring Energy, RRH*, which was filed in Southern District of New York in 2023, I am not that "counsel." Rather, I am only working on one case out of those three.

23. In Defendants' brief, Keilson claims that part of the supposed judicial "reprimand" relates to improperly seeking additional discovery after discovery closed. However, discovery in *Nock v. PalmCo* (the case I am working on) is ongoing. In fact, there have been a number of emails exchanged with other attorneys at Mr. Keilson's office about discovery in that case over the past several weeks. The case to which Keilson is likely referring is the 2023 case, in which I have no inovlement.

24. Also in Defendants' brief, we were also bothered by the fact that Defendants made two specific references to the monetary details of Mr. Bennett's pre-suit settlement negotiations.

25. Moreover, I asked Keilson why he attributed a *pro se* demand letter by Brady Bennett to "Plaintiff's counsel."

26. Keilson advised that was a mistake and a "scrivener's error."

27. I thanked him for acknowledging that in a private email, but pointed out he did not file an errata or otherwise correct the record on the docket.

I, Jacob U. Ginsburg, Esq. hereby certify the foregoing is true and correct, subject to penalty of perjury on this November 26, 2025.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JACOB U. GINSBURG